## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## ALPINE DIVISION

| | | |
|---|---|---|
| **MINDY KEELING,** | § | |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVE OF THE** | § | |
| **ESTATE OF CORY KEELING** | § | |
| **AND AS NEXT FRIEND OF CORY** | § | |
| **KEELING'S MINOR CHILDREN,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:15-CV-26** |
| | § | |
| **MARK VII TRANSPORTATION,** | § | |
| **INC., LOI NGUYEN, AND VU** | § | |
| **NGUYEN,** | § | |
| *Defendants.* | § | |

## APPENDIX TO DEFENDANT'S NOTICE OF REMOVAL

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.**


By:   */s/Mark J. Dyer*
      **MARK J. DYER**
      State Bar No. 06317500
      **ALAN P. MOORE**
      State Bar No. 14320075
      Tollway Plaza I
      16000 N. Dallas Parkway
      Suite 800
      Dallas, Texas 75248
      214-420-5510
      214-420-5501 (fax)


**ATTORNEYS FOR DEFENDANTS
MARK VII TRANSPORTATION, INC.,
LOI NGUYEN AND VU NGUYEN**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record, in compliance with Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE, on this the 1st day of May, 2015.

_/s/ Mark J. Dyer_ _____
**Mark J. Dyer**

# TABLE OF CONTENTS

**Page**

Reeves County, 143 District Court Summary Sheet . . . . . . . . . . .     001

Plaintiff's Original Petition, Together with Requests for
   Disclosures, Request for Admission, Requests for Production
   and Interrogatories . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     003 - 040

Check from Simon Herbert & McClelland, L.L.P for payment
   for filing Plaintiff's Original Petition . . . . . . . . . . . . . . . . . . . .     041

Correspondence from Kyle Herbert filing documents . . . . . . . . .     042

Citation – Mark VII Transportation, Inc.. . . . . . . . . . . . . . . . . . .     043 - 044

Citation – Loi Nguyen.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     045 - 046

Citation – Vu Nguyen. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     045 – 046

Defendants' Original Answer. . . . . . . . . . . . . . . . . . . . . . . . . . .     049 - 053

REEVES COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
CAUSE # 15-03-20968-CVR

KEELING, MINDY              ATTORNEY: KYLE C. HERBERT
                           3411 RICHMOND AVE., STE. 40
                           HOUSTON, TX 77046
                           (713)987-7100
KEELING ESTATE, CORY       ATTORNEY: KYLE C. HERBERT
                           3411 RICHMOND AVE., STE. 40
                           HOUSTON, TX 77046
                           (713)987-7100

        --VS.--

MARK VII TRANSPORTATION INC.       ATTORNEY:
NGUYEN, LOI              ATTORNEY:
NGUYEN, VU               ATTORNEY:

CAUSE OF ACTION: INJURY DAMAGES WITH VEHICLE
FILE DATE: 03/30/2015

| DATE | NATURE OF PROCEEDINGS | AMOUNT | USER |
|------|----------------------|--------|------|
| | REMARKS | | |

03/30/2015    CIVIL CASE ORIGINAL PETITION    $267.00 MTHO
              ORIG PET TOGETHER WITH REQUEST FOR DISCLOSUSRE, REQUESTS
              FOR ADMISSION, REQUESTS FOR PRODUCTION, AND
              INTERROGATORIES - ATTY HERBERT

03/30/2015    JURY FEE               $30.00 MTHO
              JURY DEMAND AND FEE PD BY ATTY HERBERT

03/30/2015    CIT/SUB ISSUED         $8.00 MTHO
              ISD MARK VII TRANSPORTATION, INC.;

03/30/2015    CIT/SUB ISSUED         $8.00 MTHO
              ISD LOI NGUYEN;

03/30/2015    CIT/SUB ISSUED         $8.00 MTHO
              ISD VU NGUYEN;

03/30/2015    RECEIPT ISSUED         $313.00 MTHO
              206046

04/22/2015    ANSWER                 $0.00 MTHO
              FILING DESCRIPTION-DEFENDANTS' ORIGINAL ANSWER

**TOTAL PLEADINGS LISTED: 7**

A CERTIFIED COPY
Attest: _4-22_, 20 _15_
District Clerk
PAT TARIN
Reeves County, Texas
No. 209 ____
_____ Deputy

True and correct
copy of original
Filed in the Reeves
County District Clerks Office

APP 001

CAUSE NO. 15-03-20948CVR

| | | |
|---|---|---|
| MINDY KEELING, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF CORY KEELING | § | |
| AND AS NEXT FRIEND OF CORY | § | |
| KEELING'S MINOR CHILDREN, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | REEVES COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| MARK VII TRANSPORTATION, | § | |
| INC., LOI NGUYEN, AND VU | § | |
| NGUYEN | § | |
| *Defendants.* | § | 143RD   JUDICIAL DISTRICT |

03-30-15 FILED 11:00 AM
PAT TARIN
CLERK, DISTRICT COURT
REEVES COUNTY, TEXAS
BY: M Thomas DEPUTY

## PLAINTIFF'S ORIGINAL PETITION TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION, AND INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MINDY KEELING, individually and as representative of the estate of Cory Keeling and as Next Friend of Cory Keeling's minor children ("Plaintiff" or "Keeling") complaining of MARK VII TRANSPORTATION, INC. ("Defendant" or "Mark VII"), LOI NGUYEN, and VU NGUYEN (collectively "Defendants"), Defendants, and files this Original Petition and for causes of action would respectfully show the following:

### I.
### DISCOVERY LEVEL

1.1     Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.



True and correct
copy of original
Filed in the Reeves
County District Clerks Office
APP 002

## II.
### PARTIES

2.1     Plaintiff, MINDY KEELING, individually and as the representative of the Estate of Cory

Keeling and as Next Friend of Cory and Cory Keeling's minor children, is a resident of the

Commonwealth of Kentucky.

2.2     Defendant, MARK VII TRANSPORTATION, INC.,[1] is a foreign for-profit corporation

doing business in the State of Texas and may be served with citation for service of process through

its registered agent, Mark Le, 8847 Lawrence Avenue, Rosemead, California 91770.

2.3     Defendant LOI NGUYEN is an individual who is a resident of Tarrant County, Texas and

can be personally served with process at his place of residence: 3510 Mount Vernon Avenue, Fort

Worth, Texas 76103.

2.4     Defendant VU NGUYEN is an individual who is a resident of Tarrant County, Texas and

can be personally served with process at his place of residence: 3510 Mount Vernon Avenue, Fort

Worth, Texas 76103.

## III.
### VENUE

3.1     Venue is proper and maintainable in Reeves County, Texas, under Texas Civil Practice and

Remedies Code § 15.002, because it is the county in which all or a substantial part of the events

or omissions giving rise to the claim occurred.

## IV.
### Jurisdiction

4.1     The damages sought are within the jurisdictional limits of this Court.

4.2     Plaintiff seeks monetary relief in excess of $1,000,000.

## V.

---

[1]     The Accident Report erroneously listed Mark VII Transportation, Inc. as Mark VIII Transportation, Inc. The
address listed relates to Mark VII Transportation, Inc., and accordingly, this Petition reflects that.



True and correct copy of original Filed in the ...... County District Clerk's Office

## BACKGROUND FACTS

5.1     On or about April 19, 2013, Cory keeling was operating his motor vehicle on IH-20 E near reference marker 25 in Reeves County when a Freightliner Truck, VIN # 1FUYSXYB4YLA54953 attempted to merge onto IH-20 E at an impermissibly low speed and caused a collision with Cory Keeling's vehicle causing him to sustain fatal bodily injuries.

5.2     Upon information and belief, Vu Nguyen or Loi Nguyen or both were negligently operating the vehicle which collided with Mr. Keeling's vehicle (hereinafter referred to as the "Defendant Drivers"). The vehicle operated by the Defendant Drivers was owned by Mark VII. At the time of the collision, the Defendant Drivers were in the course and scope of their employment with or were the borrowed servants of Mark VII.

5.2     Nothing Mr. Keeling did, or failed to do, caused the collision in question. Rather, it was the negligence of the Defendants named herein which proximately caused the occurrence and Mr. Keeling's resulting fatal injuries and damages.

## VI.
## CAUSE OF ACTION: NEGLIGENCE
### (ALL DEFENDANTS)

6.1     The Defendant Drivers were negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the collision and the resulting injuries and damages to Mr. Keeling:

    a.      Failing to maintain a proper lookout;

    b.      Failing to ensure the lane was free before attempting to move into it;

    c.      Failing to properly change lanes;

    e.      Failing to turn the vehicle to avoid a collision;

    f.      Being inattentive and failing to maintain proper control of his vehicle;



True and correct copy of original Filed in the Reeves County District Clerks Office   APP 004

g.    Operating his vehicle in a reckless manner;

h.    Failing to obey applicable traffic signals or signs;

i.    Violations of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations.

6.2    The negligence of the Defendant Drivers was a proximate cause of the collision and Plaintiff's injuries and damages.

6.3    Mark VII is legally responsible to Plaintiff for the negligent conduct of the Defendant Drivers under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because the Defendant Drivers were at all times material hereto agents, ostensible agents, servants and/or employees of Mark VII, and were acting within the course and scope of such agency or employment. As a result thereof, Mark VII is liable for all negligence of the Defendant Drivers.

6.4    Mark VII was also negligent in entrusting and hiring incompetent or unfit employees and/or in failing to properly train, instruct and supervise the Defendant Drivers. Mark VII failed to provide the proper training and instruction to the Defendant Drivers which would have provided them with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Mark VII's negligent hiring of and failure to properly instruct and train the Defendant Drivers was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

## VII.
### CAUSE OF ACTION: NEGLIGENCE PER SE
### (ALL DEFENDANTS)

7.1    The Defendant Drivers' acts and omissions also constitute negligence per se as that term is defined under Texas law. Specifically, the Defendant Drivers' acts or omissions violated the following statutory duties:

a.    Duty to not turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely. TEX. TRANS. CODE. 545.103;



b.      Duty to yield the right-of-way to a vehicle entering or about to enter the access or feeder road from the highway or leaving or about to leave the access or feeder road to enter the highway. TEX. TRANS. CODE. 545.154;

c.      Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway.  TEX. TRANS. CODE. 545.351; and

d.      Duty to not drive with willful or wanton disregard for the safety of persons or property.  TEX. TRANS. CODE. 545.401.

7.2     Plaintiff is within the class of persons meant to be protected by these statutes, specifically, travelers on the roadway. Defendants' violation of these statutes were the proximate cause of the collision and Plaintiff's injuries and damages.

7.3     Mark VII is legally responsible to Plaintiff for the negligent per se conduct of the Defendant Drivers under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because the Defendant Drivers were at all times material hereto agents, ostensible agents, servants and/or employees of Mark VII and were acting within the course and scope of such agency or employment.  As a result thereof, Mark VII is liable for all negligence per se conduct of the Defendant Drivers.

## VIII.
### CAUSE OF ACTION:  GROSS NEGLIGENCE
### (ALL DEFENDANTS)

8.1     Mark VII and the Defendant Drivers were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment for Defendants' callous disregard and as a deterrent to others from engaging in similar conduct.  Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.



True and correct copy of original filed in the Reeves County District Clerks Office
APP 006

## IX.
### CAUSE OF ACTION: WRONGFUL DEATH
#### (ALL DEFENDANTS)

9.1     Plaintiffs are statutory beneficiaries of the decedent, Mr. Keeling.

9.2     The Defendant Drivers are individuals, and Mark VII is a corporation.

9.3     The Defendants' wrongful conduct, as explained above, caused the death of Mr. Keeling.

9.3     Mr. Keeling would have been entitled to bring an action for the injury if he had lived.

9.4     As a result of Defendants' wrongful acts, Plaintiffs suffered actual damages.

## X.
### CAUSE OF ACTION: SURVIVAL
#### (ALL DEFENDANTS)

10.1    Plaintiff is the legal representative of the decedent, Mr. Keeling's estate.

10.2    Mr. Keeling had a cause of action for personal injury to his health and person before he died.

10.3    Mr. Keeling would have been entitled to bring an action for the injury if he had lived.

10.4    The Defendants' wrongful conduct, as explained above, caused Mr. Keeling's injuries and death.

## XI.
### DAMAGES

11.1    The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiff's fatal injuries. Mr. Keeling was trapped, conscious, for three hours, in the wreckage surrounded by damage, debris, and exhaust fumes from the oil and brush fire that raged around him. He was pinned from the waist down, suffering from multiple fractured ribs so severe that his rib cage could no longer expand to effectuate respiration, which led to the separation of the rib cage from the wall of the chest, femur fractures, a massive crush injury to the right thigh, and contusions and abrasions all over his body. Since he was awake and conscious for the entire three


APP 007

hours before emergency personnel could extract him, Mr. Keeling no doubt knew that his lower trunk and legs were separated from his torso, that his legs were completely crushed, and felt the sensation of slowly suffocating as his rib cage pulled away from the muscles of his chest wall and collapsed internally onto his lungs.

11.2    Plaintiffs' actual, general, special, and consequential damages include the following: funeral expenses; past medical expenses; past lost wages; future lost wages; physical pain and mental anguish of Cory Keeling; conscious pain and suffering of Cory Keeling; physical disfigurement and impairment of Cory Keeling. In addition, Mindy Keeling, Kirsten Keeling, and Logan Keeling damages include mental anguish; loss of consortium and household services; loss of companionship and society; funeral expenses; and loss of inheritance.

## XII.
### EXEMPLARY DAMAGES

12.1    Plaintiff seeks exemplary damages caused by Defendants' malice, gross negligence and willful acts, omissions, and gross negligence.  Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7). Plaintiff also seek exemplary damages under Section 41.003(a)(3) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(11).

## XIII.
### PRE AND POST-JUDGMENT INTEREST

13.1    Plaintiff will additionally show that she is entitled to recover pre and post-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sue for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure,



Filed in the ____
County District Clerks Office
APP 008

Plaintiff serves the attached interrogatories, Exhibit "A" and Exhibit "B" to be propounded to

Defendants, LOI NGUYEN, VU NGUYEN, and MARK VII TRANSPORTATION, INC.  You

are hereby instructed to answer the following interrogatories separately, fully, in writing, and

under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure  and the

provisions of Rule 14 shall not apply.

You are further advised that, pursuant to Rule 193.5, the party responding to these

Interrogatories is under a duty to supplement his answer if he obtained information upon the

basis of which (a) he knows that the answer was incorrect when made, or (b) he knows the

answer, though correct when made, is no longer true and the circumstances are such that his

failure to amend the answer is in substance a knowing concealment.

If any space left for your answer is insufficient, please attach a separate sheet to

complete such answer. The answers shall be served upon the undersigned counsel within 50

days after the service of these interrogatories.

### PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS

Plaintiff propounds the attached Requests for Production as Exhibit "C" pursuant to Rule

196 of the Texas Rules of Civil Procedure, that Defendants produce or permit the undersigned

attorney, to inspect and copy or reproduce the items hereinafter designated on Exhibit "C" attached

hereto. Within 50 days after service of these Requests for Production, you must serve a written

response to the undersigned attorney at 3411 Richmond Avenue, Suite 400,  Houston, Texas

77046, including the items requested or stating with respect to each request that an inspection and

copying or reproduction will be permitted as requested.  In the event a request is objected to, please

specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you

refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure,

a party must comply with as much of the request to which the party has made no objection unless


True and correct
copy of original
Filed in the Reeves
County District Clerks Office

APP 009

it is unreasonable under the circumstances to do so before obtaining a ruling on the objection. Furthermore, demand is made for the supplementation of your answers to these discovery requests as required by Rule 193.5 of the Texas Rules of Civil Procedure.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

### PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANTS

Plaintiff propounds the attached Requests for Admission as Exhibit "D" under the provisions of Rules 192 and 198 of the Texas Rules of Civil Procedure. You hereby are requested to admit the truth of the following matters for the purpose of this action only and subject to all proper objections to admissibility which may be made at time of trial. Each of the matters to which an admission is requested shall be deemed admitted unless the party to whom the request is directed delivers responses, either denying specifically the matters to which an admission is requested or setting forth in detail the reasons why such cannot truthfully be either admitted or denied, to the undersigned counsel for Plaintiff within fifty (50) days after the delivery of this request.

Pursuant to Rule 215.4(b) of the Texas Rules of Civil Procedure, take notice that should Defendants fail to admit the genuineness of any document or the truth of any matter as requested under Rule 198 and which follows hereunder and Plaintiff proves the genuineness of the document or the truth of the matter, Plaintiff shall seek an order from the Court requiring the Defendants to pay reasonable expenses incurred in making that proof, including but not limited to, reasonable expenses and attorney's fees incurred in making that proof.

### JURY DEMAND

Plaintiff hereby demand trial by jury.



True and correct copy of original Filed in the Reeves County District Clerks Office

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiff has judgment against Defendants, jointly and severally, that Plaintiff recover damages in accordance with the evidence, costs of Court herein expended, interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

SIMON HERBERT & McCLELLAND, LLP

KYLE C. HERBERT
State Bar No. 24046724
SHANE A. MCCLELLAND
State Bar No. 24046383
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
Telephone:    713-987-7100
Facsimile:    713-987-7120

**ATTORNEYS FOR PLAINTIFF**



DEFINITIONS

1.  **Defendant**, **you**, **your** as used herein refers to MARK VII TRANSPORTATION, INC. ("MARK VII) and/or LOI NGUYEN and/or VU NGUYEN. LOI NGUYEN AND VU NGUYEN are hereinafter referred to as the "DEFENDANT DRIVERS."

2.  **Plaintiff** as used herein refers to MINDY KEELING, individually and on behalf of the estate of Cory Keeling and as next friend of Cory Keeling's minor children.

3.  **Your vehicle** refers to the vehicle driven by the DEFNEDANT DRIVERS involved in the incident made the basis of this lawsuit.

4.  **Accident and Date of Accident and occurrence** as used herein means the accident described in and made the basis of Plaintiff's latest Petition, and the term "date of accident" means on or about April 19, 2013.

5.  **Trip** as used herein is defined as the transportation and/or movement of one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

6.  **Truck** as used herein, unless otherwise defined in a specific Request herein, means the over-the-road vehicular power unit being operated by the DEFNEDANT DRIVERS at the time the accident occurred.

7.  **Trailer** as used herein unless otherwise defined in a specific request herein, means any Trailer that may have been attached to the power unit being operated by the DEFNEDANT DRIVERS on the date of the collision.

8.  **Document(s)** as used herein shall mean all written, typed or printed matter and all magnetic, electronic or other records of documentation of any kind or description in your actual possession, custody or control, including those in the possession, custody or control of any and all former, present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this lawsuit.

9.  **Identify**, **identity**, or **identification** when used in reference to a natural person means to state his/her full name, the present or last known address of such person and his/her day-time telephone number; when used in reference to a corporation, agency or other entity means to state the full legal name of the corporation, agency or other entity, its present or last known address, the name of the natural person in charge at that address and telephone number; when used in reference to a document, means to describe the document with sufficient particularity so as to distinguish it from all other documents by giving its date, a brief description of its subject matter and the natural person who authored the document.

10. **Maintenance Files and Records** as used herein, means those documents required to be created and/or maintained by MARK VII TRANSPORTATION, INC. in accordance with



the FMCSR Part 396 (see Definitions "11" and "12"), "Inspection, Repair and Maintenance." This includes, but is not limited to, all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendant or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of Defendant on the Truck or Trailer as defined in Definitions "6" and "7" herein. This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of Defendant.

11. **CFR, Title 49, Parts 382 through 397** as used herein, means the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B- Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the collision in question, hereinafter referred to as "FMCSR, Parts 382, 383, 385, 387, 391, 392, 393, 395, 396, or 397."

12. **FMCSR** as used herein, means the "Federal Motor Carrier Safety Regulations" as defined in Definition "" herein.

13. **FOMCHS** as used herein, means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definition "11" and "12" herein.

14. **TXMCSR**: As used herein, "TXMCSR" means the "State of Texas Motor Carrier Safety Regulations" as adopted by the Texas Department of Public Safety in effect on the date of the collision. These rules are basically the same as the Federal Motor Carrier Safety Regulation as defined in Definitions "11", "12" and "13", herein and are applicable to motor carriers within the state of Texas.

*Exhibit "A"*

## INTERROGATORIES TO MARK VII TRANSPORTATION, INC.,

**INTERROGATORY NO. 1:**   If you have not been correctly named or served in or by the Plaintiff's Original Petition, state your correct legal name and the correct manner in which you can be designated as a party defendant and served with process in this action under the allegations set forth in Plaintiff's Original Petition and identify the name and address of any potential party to this lawsuit, not already a party hereto.

**ANSWER:**

**INTERROGATORY NO. 2:**   With regard to the truck, the trailer and any of your employees



which were involved with the collision described in Plaintiff's Original Petition: Identify who owned the truck (hereinafter referred to as "your truck"); identify who owned the trailer; identify who owned any load or freight on the trailer; identify all persons or employees who were involved in the collision or inspected the collision site, the truck or the trailer at or near the time of the collision; identify all persons or entities who were the employer or nominal employer or master of any employee or person associated with you who were involved in the collision or inspected the collision site, the truck or the trailer at or near the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 3:**   If the DEFNEDANT DRIVERS were disciplined, e.g., fired, suspended or reprimanded, because of the incident, state what action was taken, and when.

**ANSWER:**

**INTERROGATORY NO. 4:**   If the DEFNEDANT DRIVERS have ever been involved in any other automobile collisions or accidents while employed by this Defendant, please identify each such incident by date, time, place and all parties involved, as well as the police department investigating each such incident and any and all disciplinary actions taken against the DEFNEDANT DRIVERS as a result of each incident.

**ANSWER:**

**INTERROGATORY NO. 5:**   If in the last five (5) years MARK VII has been sued in any other lawsuit in which it was alleged that MARK VII's servant, agent or employee negligently operated a vehicle, please give the names of all the parties to each such litigation, as well as the cause number and county in which Defendant was sued.

**ANSWER:**

**INTERROGATORY NO. 6:**   If Defendant investigated the driving record of the DEFNEDANT DRIVERS before entrusting its vehicle to them, please state in detail what investigation was done and what it revealed, including, but not limited to all precautions you took, if any, regarding any investigation into the competency and overall responsibility of the drivers of your vehicle during the events made the basis of this suit, before you made your vehicle available. Additionally, please include the name, address, and phone number of any/all references and former/previous employers contacted. If you did not ask for some form of reassurance, please tell how you determined the level of competence before you made your vehicle available.

**ANSWER:**

**INTERROGATORY NO. 7:**   Please describe in detail all employee training given to the DEFNEDANT DRIVERS regarding the use of your vehicles.

**ANSWER:**


True and correct
copy of original
filed in the Reeves
County District Clerks Office

**INTERROGATORY NO. 8:**   What monitoring or review of your employee drivers' driving habits is routinely conducted by you during the course of your employee drivers' employment? Please describe all monitoring or reviews made of the DEFNEDANT DRIVERS, and the results of each such monitoring or review process.

**ANSWER:**

**INTERROGATORY NO. 9**   Please state whether the vehicle involved in the subject accident contained or utilized an on-board recording device, including engine computer (e.g., ECM), an on-board computer including engine computer (e.g., ECM), trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck? If so, please state the name and address of the person having custody of the graphs, printouts, raw data, and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the subject collision which forms the basis of Plaintiff's complaint.

**ANSWER:**

**INTERROGATORY NO. 10:**   Were any tests (blood, urine, or other) performed on the DEFNEDANT DRIVERS by you, pursuant to state or federal regulation or your own safety policies, at any time during his employment during the period commencing 45 days prior to the subject collision through and including the present date? If so, please state the results of all such tests and the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests and appropriate chain of custody forms.

**ANSWER:**

**INTERROGATORY NO. 11:**   State your policy and procedure with respect to having your drivers report their accidents and explain what they are supposed to do following an accident with respect to aiding persons who have been injured, protecting your equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders and all other actions required following the accident.

**ANSWER:**

**INTERROGATORY NO. 12:**   Please state in detail your understanding of how the collision occurred.

**ANSWER:**

**INTERROGATORY NO. 13:**   Was the tractor trailer in this case equipped with any collision warning systems (CWS), INCLUDING BUT NOT LIMITED TO Tripmaster, Eaton VORAD or similar systems? If not, why not? Has your company ever considered utilizing such systems, or requiring its drivers to have such a system, and have you performed any cost/benefit analysis regarding such systems?



**ANSWER:**

**INTERROGATORY NO. 14:**  Identify each current and past employee of your company (name, last known address, telephone number) who within the last five (5) years, while operating a vehicle owned by you, was involved in a motor vehicle collision.

**ANSWER:**

**INTERROGATORY NO. 15:**  With regard to each policy of liability insurance intended to provide coverage to the Defendant, its agents and\or employees for liability on the date in question for allegations such as those delineated in Plaintiff's original petition, including, but not limited to, all primary and excess policies covering the Defendant on the date in question, state the name and address of each carrier and the limits of each such policy. With respect to "limits," the Defendant is requested to identify the limit per claim, per individual, per occurrence and/or aggregate coverage.  When referring to aggregate coverage, if applicable, the Defendant should indicate the original gross aggregate limit and the amount remaining for this claim at this time, after reduction for payment of other claims.  In the event a reservation of rights was issued, please provide the reasons for the reservation, when it was issued, who issued it and whether the reservation has been withdrawn.

**ANSWER:**

**INTERROGATORY NO. 16:**  Do you contend that Plaintiff's injuries were caused by some other occurrence(s), disease, or condition, either before or after the incident made the basis of this case? If so, describe in detail such other occurrence(s).

**ANSWER:**

**INTERROGATORY NO. 17:**  Please state in detail each and every contention or denial of liability on Plaintiff's claims made the basis of this suit.  Include in your answer:

(a)      all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

(b)      the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiff claims; and

(c)      the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

**INTERROGATORY NO. 18:** If you have made repairs to the vehicular damage which resulted from this occurrence, please provide the name and address of the person or company who made such repairs; and the itemized cost of such repairs.



True and correct copy of original Filed in the Records County District Clerk's Office

APP 016

**ANSWER:**

**INTERROGATORY NO. 19:** Did your company own or lease the tractor and trailer at issue in this case? If the tractor and/or trailer was/were leased, please provide the name, address, and phone number of the company from whom you leased the tractor and/or trailer, as well as the company you understand may own the tractor and/or trailer.

**ANSWER:**

**INTERROGATORY NO. 20:** Please provide the points of origin and destination of the DEFNEDANT DRIVERS on the route they were driving when this collision occurred, all loads scheduled to be handled the day of the collision, the time they began work and ceased work the day before and the day of this collision, and the number of miles they traveled the day before this collision and the day of this collision.

**ANSWER:**

**INTERROGATORY NO. 21:** State exactly what days and hours the DEFNEDANT DRIVERS worked during the previous 30 day period prior to the incident in question.

**ANSWER:**

**INTERROGATORY NO. 22:** Please list all complaints, reprimands, or any other disciplinary action(s), formal or informal, you know of regarding the DEFNEDANT DRIVERS.

**ANSWER:**

**INTERROGATORY NO. 23:** Do you require drivers you employ to carry cameras, accident kits, exoneration cards, or other similar materials in their vehicles in the event of an accident? If so, please specifically describe and inventory the contents of such kits and/or items.

**ANSWER:**

**INTERROGATORY NO. 24:** Please describe all repairs that had been performed on the tractor and trailer the DEFNEDANT DRIVERS were driving in the two year prior to this collision occurring, including the name of all facilities that had inspected and/or worked on the tractor and trailer at issue in this case.

**ANSWER:**

**INTERROGATORY NO. 25:** Please describe in detail any conversations you have had with the DEFNEDANT DRIVERS, party, or any other person present during and immediately after the collision made the subject of this suit (including people investigating the wreck) following the collision made the basis of this suit.



APP 017

ANSWER:



*Exhibit "B"*

## INTERROGATORIES TO THE DEFNEDANT DRIVERS

**INTERROGATORY NO. 1:**   Please state your full name, address, telephone number, present employer, date of birth, social security number and driver's license number.

**ANSWER:**

**INTERROGATORY NO. 2:**   State specifically where you had been just prior to the collision, where you were going and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 3:**   State the total number of hours driven by you in the 48 hours preceding the underlying accident.  If you had driven more than one vehicle in the preceding 48 hours, identify each vehicle, its owner, and how long you drove each vehicle.

**ANSWER:**

**INTERROGATORY NO. 4:**   Describe in detail what injuries, if any, you received in the collision.

**ANSWER:**

**INTERROGATORY NO. 5:**   If you contend the collision was caused by a defect or equipment failure, state each specific defect and/or equipment failure and the factual basis on which you rely for each such contention.

**ANSWER:**

**INTERROGATORY NO. 6:**   Describe your employment relationship with MARK VII TRANSPORTATION, INC. on the date of this occurrence and if you were acting within the course and scope of any agency, employment or service at the time of the collision, identifying any other party or entity (by its legal name) with or for whom you were acting.

**ANSWER:**

**INTERROGATORY NO. 7:**   Describe in detail your criminal record, including the nature of each charge, the date, place of arrest and conviction.

**ANSWER:**

**INTERROGATORY NO. 8:**   Describe in detail all traffic citations you have ever received by stating the name and the infraction, the violation of the law charged in each citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.



**ANSWER:**

**INTERROGATORY NO. 9:**   Describe in detail all other collisions in which you have been involved and state specifically: how each such collision occurred, where each such collision occurred, the date each such collision occurred, the identity of the owner of any property that was damaged and the identity (name, address, telephone number) of all persons injured in each such collision.

**ANSWER:**

**INTERROGATORY NO. 10:**   What, if anything, did you do to avoid the accident?

**ANSWER:**

**INTERROGATORY NO. 11:**   Identify all training you received from your employer at the time of this accident with regard to the operation of a commercial motor vehicle.

**ANSWER:**

**INTERROGATORY NO. 12:**   Give the name, address, telephone number and official title of each person and the firm, company, corporation or government agency to whom you have made any written or recorded statements about the accident in question and give the date that each such statement was made and whether it was in writing or was recorded.

**ANSWER:**

**INTERROGATORY NO. 13:**   State what you were doing immediately before the occurrence of the underlying incident. This interrogatory seeks, but is not limited to, information regarding whether you were using a mobile device immediately before the occurrence of the underlying incident, and if so, the identity of the person to whom you were communicating, the telephone number of the mobile device you was using, the owner of the mobile device you were using, and the telephone number of the person to whom you were speaking.

**ANSWER:**

**INTERROGATORY NO. 14:**   Identify all warnings, write-ups or reprimands you have received from any employer within the past three (3) years relating to the operation of a vehicle.

**ANSWER:**

**INTERROGATORY NO. 15:**   Describe how you are paid (i.e. salaried, by the job or by the mile.)

**ANSWER:**

**INTERROGATORY NO. 16:** Have you ever received any formal or informal complaints or reprimands for failing to follow company policy/regulations, state law, or any other laws or


True and correct
copy of original
Filed in the Reeves
County District Clerk's Office

regulations?

**ANSWER:**

**INTERROGATORY NO. 17:** Please list the name, address, phone number and name of your direct supervisor for all companies you have driven trucks for over the last ten (10) years.  Please also list the name, address, phone number, and dates of attendance for all truck driving schools and seminars you have attended, as well as any degrees, certifications, and honors you have earned at such institutions.

**ANSWER:**

**INTERROGATORY NO. 18:** Do you have a current Texas commercial driver's license? Has it ever been suspended or revoked? Please list all restrictions listed on your license, if any.

**ANSWER:**

**INTERROGATORY NO. 19:** Within the past 10 years, have you ever been convicted of a criminal offense classified as a felony or misdemeanor involving moral turpitude? If so, please state the date of the offense, the location of the offense and the nature of the offense, and whether the offense is subject to a pending appeal.

**ANSWER:**

**INTERROGATORY NO. 20:** Did you have an accident kit, camera, exoneration card, accident instructions, or any other materials in your vehicle at the time of this accident as well as any warnings applied to the interior or exterior of your vehicle which discuss the use of mirrors, cameras or the existence of any blind spots? If so, please describe such materials and their contents.

**ANSWER:**

**INTERROGATORY NO. 21:** What mechanical problems, if any, did you have with the tractor trailer at issue in this case in the twelve (12) months prior to this accident?  Did you report said problems to MARK VII TRANSPORTATION, INC.? If so, when and to whom were such reports made and when were the reported problems fixed?  If not, why were such problems not reported?

**ANSWER:**

**INTERROGATORY NO. 22:** Please state completely and fully all representations, statements, declarations, or admissions made by Plaintiff or any agent, servant, employer, or employee of Plaintiff. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER:**


True and correct
copy of original
Collin District Clerks Office
APP 021

**INTERROGATORY NO. 23:** Please indicate the speed or estimated speed that the vehicles were traveling at the time of the incident, including your speed at the time of the impact, and if you contend you applied your brakes prior to impact, at what speed you were traveling prior to applying your brakes.

**ANSWER:**

**INTERROGATORY NO. 24:** Where had you been, with whom (name, address and telephone number) had you been and what had you been doing in the forty-eight (48) hour period immediately preceding the time of the crash made the basis of this suit? Including but not limited to whether you consumed any alcoholic beverages and/or took any prescription or non-prescription drugs or medication, or illegal drugs, in the 24-hour period prior to this incident and identify the beverage or drug by name, time of consumption, and amount and if a prescription drug, identify the prescribing doctor and the prescription number.

**ANSWER:**

**INTERROGATORY NO. 25:** Describe in detail your contentions regarding how the incident occurred and state specifically what you contend caused or contributed to the cause of the incident, stating any facts which you contend contributed to the incident underlying this suit including any alleged negligence of Plaintiff, any violation of any traffic law or other statute by Plaintiff, any acts or omissions of negligence of other parties or potential third-party defendants, sudden emergency, mechanical defect, or Act of God.

**ANSWER:**



True and correct copy of original Filed in the Reeves County District Clerks Office

*Exhibit "C"*

## REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO MARK VII TRANSPORTATION, INC.,

**REQUEST FOR PRODUCTION NO. 1:**   Produce copies of all trip and/or operational documents   pertaining to the movement of cargo by the DEFNEDANT DRIVERS for the trip during which the accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   Produce copies of the DEFNEDANT DRIVERS' trip reports and trip envelopes, daily cargo delivered/picked up and all otherwise described work reports, work schedule reports, fuel purchased reports, and any reports made by LOI NGUYEN to Defendant. This request includes, but is not limited to, reports of daily, weekly or monthly cargo transported, time and/or distance traveled reports and/or work records relating to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   Produce copies of all records obtained by Defendant pertaining to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   Produce all policies and procedures in place for investigations of accidents involving your vehicles.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   Produce copies of all written instructions, orders, or advice given to the DEFNEDANT DRIVERS in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Defendant or any other persons or organizations for the trip during which the accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   Produce true and correct copies of any and all repair records and invoices related to damages sustained by the vehicle in this incident, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   Produce a copy of Defendant's drug/alcohol policy

True and correct
copy of original
Filed in the Reeves
County District Clerk's Office

ARP 023

and any other however named policy regulating the use of drugs (prescription and non-prescription), alcohol or other abusive substance that could impair driving ability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Produce any and all documents referenced as and/or contained in the DEFNEDANT DRIVERS' personnel files and/or payroll files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   Produce copies of the Driver Qualification Files maintained by Defendant on the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**   Produce copies of all pre-employment questionnaires and other documents secured from the DEFNEDANT DRIVERS prior to their employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**   Produce copies of all applications for employment secured both before and/or after the actual date of contract or employment of the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**   Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents relative to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**   Produce copies of all actual driver's road tests administered to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**   Produce copies of all actual driver's written tests administered to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**   Produce all training notes, certificates and attendance lists relating to the DEFNEDANT DRIVERS, regardless of the date issued or the originator of such certificates.

True and correct copy of original Filed in the Reeves County District Clerks Office

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**   Produce copies of all past employment inquiries sent to and/or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   Produce copies of all inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by the Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relating to the DEFNEDANT DRIVERS' traffic and accident records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   Produce copies of all road and/or written test cards, medical cards, certification of driver qualification cards and any other motor carrier transportation related cards in the possession of the Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to the DEFNEDANT DRIVERS presently in their personal possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   Produce copies of all annual reviews, file reviews, and/or file summaries and related documents found in the driver qualification files of the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   Produce copies of all documents relating to any drug testing of the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   Produce copies of any and all other contents of the DEFNEDANT DRIVERS' Driver Qualification Files, regardless of subject, form, purpose, originator, receiver, title, or description.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**   Produce copies of the Driver Personnel Files and/or any otherwise titled files on the DEFNEDANT DRIVERS or in reference to the DEFNEDANT DRIVERS' services, from initial contract or employment with Defendant to the present date.

True and correct copy of original Filed in the Reeves County District Clerks Office

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**   Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**   Produce copies of all prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents, or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**   Produce copies of all law enforcement agencies, audits and/or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of the Defendant's file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**   Produce copies of any and all other documents found in such files, as identified in the immediately preceding request regardless of description, title, form, origin, or subject, maintained by the Defendant in reference to the DEFNEDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**   Produce copies of driver compliance inspections or warnings and traffic citations issued in reference to the activities of the DEFNEDANT DRIVERS, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**   Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant in reference to the accident as defined herein, excluding only those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**   Produce copies of any and all other accident and/or

True and correct copy of original Filed in the Reeves County District Clerks Office

incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein either of the DEFNEDANT DRIVERS was the driver of a vehicle involved in the prior accidents or incidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**   Produce copies of all time cards, time worked records or otherwise described work time records created by the DEFNEDANT DRIVERS for the period from one (1) year prior to the date of accident to and including the date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**   Produce copies of any and all accident or incident files and records in Defendant's possession concerning any and all other vehicular accidents in which Defendant, its agents, employees, contractors or subcontractors have been involved and in which it was alleged that personal injury resulted. This is limited to accidents which occurred during the course and scope of employment with or in furtherance of Defendant's interests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**   Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating  Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**   Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**   Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**   Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

**RESPONSE:**



True and correct copy of original filed in ___ County District Clerk's Office

APP 027

**REQUEST FOR PRODUCTION NO. 37:**  Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**  Produce copies of any and all investigation and/or accident reports in Defendant's possession excluding documents which constitute communications between agents or representatives of Defendant that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  Produce copies of the curriculum vitae or resume, written report, bibliography, fee agreement, and list of cases each expert has testified in over the past ten years, whether live or by deposition, for any individual whom you may call as an expert witness in the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  Produce copies of any documents or other writings which show or identify this Defendant as being either a public or private corporation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  Produce any photographs or videotapes of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  Produce copies of all medical records obtained by you pertaining to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**  Produce a copy of documents or reports, as well as


True and correct copy of original filed in the _____ County District Clerk's Office

APP 028

all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**   Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**   Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**   Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**   Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**   Produce a true and correct copy of any indemnity agreement between any of the parties to this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**   Produce a true and correct copy of any indemnity agreement between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**   Produce true and correct copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**   Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of



True and correct copy of filed ... County District Clerks Office     APP 029

any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**   Produce a copy of the title to the vehicle the DEFNEDANT DRIVERS were driving at the time of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**   Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**   Produce a true and correct copy of any damage appraisal made of either vehicle involved in the subject accident

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**   Produce copies of any and all contracts and agreements between this Defendant and any other Defendant and/or third party pertaining to work being performed or furthered at the time of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**   Produce copies of all training materials or other documents concerning driving safety Defendant distributed to employees or agents from the time the DEFNEDANT DRIVERS were hired through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**   Produce all incident/investigation reports created by Defendant or a third party working for Defendant relating to this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**   Produce a true and correct photocopy of both sides of the DEFNEDANT DRIVERS' current driver's licenses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**   Produce true and correct copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 62:**   Produce a true and correct listing of all motor vehicles owned by this Defendant from and including the time of the accident made the basis of this suit to the present. Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

**RESPONSE:**



APP 031

**REQUEST FOR PRODUCTION NO. 63:**   Produce true and correct copies of all written or recorded items showing or reflecting upon this Defendant's driving history and/or record.  Please include, but do not limit yourself to, those items showing any traffic or motor vehicle tickets and/or citations this Defendant has received within the past ten years and those items showing or reflecting upon any felony convictions this Defendant may have received within the past ten years in connection with operating a motor vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**  Produce a copy of any insurance policy which would cover any aspect of the occurrence in question which was in effect on the date of this accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**  Produce true and correct copies of all reports and/or other writings obtained from any insurance indexing system or insurance reporting system which may have information regarding any alleged prior claims of the Plaintiff(s), if any in fact exist.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**   Produce any and all photographs and/or visual recordings and/or diagrams made by any person or entity regarding the incident herein and/or showing the general layout of the accident scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**   Produce any and all charts, plans, photographs, or other documents intended to be introduced into evidence by you on the issues of liability or damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**   Produce all policies and procedures for testing your drivers for drug/alcohol use.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**  Produce true and correct copies of any and all tickets or citations received by Defendant or the DEFNEDANT DRIVERS as a result of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**   Produce copies of any and all notes, memoranda, correspondence, or reports regarding the surveillance of the Plaintiff.

**RESPONSE:**



True and correct copy of original filed in the Reeves County District Clerk's Office

**REQUEST FOR PRODUCTION NO. 71:**   Produce copies of all written statements made by the Plaintiff's in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**   Produce all oral statements made by the Plaintiff's or anyone in Plaintiff's family which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**   Produce all written statements made by any witnesses to the collision that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**   Produce copies of all oral, taped, or recorded statements made by any witnesses to the collision that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**   Produce copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the collision which has been made the basis of Plaintiff's lawsuit.  If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff's requests a detailed privilege log be prepared and attached hereto so that Plaintiff's may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**   Produce copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the collision made the basis of Plaintiff's lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**   Produce copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the collision



APP 033

made the basis of Plaintiff's lawsuit save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the collision which has been made the basis of Plaintiff's lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached hereto so that Plaintiff's may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**   Produce copies of any contracts or agreements between Defendant and any vehicular maintenance or repair services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**   Produce copies of any contracts or agreements between Defendant and any other person or entity which Defendant contends is the owner of the vehicle driven by the DEFENDANT DRIVERS in this matter, with regard to the lease and/or use of the vehicle involved in the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**   Produce copies of all documents referenced in Plaintiff's Interrogatories propounded to Defendant and in Defendant's Responses to such Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**   Produce copies of all driving logs for the DEFENDANT DRIVERS for ten (10) days prior to and ten (10) days subsequent to the date of the collision, inclusive of the date of the collision which forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**   Produce copies of all documents which reflect the method by which the DEFENDANT DRIVERS' paychecks were calculated, as well as copies of their paychecks and/or pay stubs for the four weeks prior to and subsequent to this collision, date of collision inclusive.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**   Produce copies of all videos, manuals, or other materials provided to or reviewed by the DEFENDANT DRIVERS regarding driving trucks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Produce copies of all work orders, invoices, or any


True and correct copy of original filed in the District County District Clerk's Office
APP 034

other documents reflecting inspections, repairs, maintenance, or any other work performed on the truck at issue in this case for the year prior to this collision and for one month subsequent to this collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Produce, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, a privilege log.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Produce complete and clearly readable copies of any state of FOMCHS (see Definition "13"), issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of the DEFENDANT DRIVERS by any city, county, state or federal agency or law enforcement official in the possession of Defendant. This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations that may have been issued in reference to the activities of the DEFENDANT DRIVERS from the date of the collision forming the basis for this suit to present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Produce complete and clearly readable copies of any and all MARK VII TRANSPORTATION, INC. officers', executives', or administrators' notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by their company personnel, managers, supervisors, dispatchers and drivers. Specifically, any documents relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR/TXMCSR (see Definitions "12" and "14") in existence and effective at MARK VII TRANSPORTATION, INC. on the date of the collision forming the basis for this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Produce complete and clearly readable copies of any and all created electronic or satellite "Vehicular movement recording documents or records" such as Tripmaster, QualComm, HighwayMaster, American Mobile Satellite Corp., OmniTracs, or any similar organization's records, along with any Tractor trip recorder computer generated documents, tachograph charts, computer generated trip printouts or any otherwise described documents generated by whatever means, in reference to the physical movement and geographical locations at a certain time and date of the Tractor and/or Trailer involved in the collision for the two weeks prior to the collision forming the basis for this suit through two weeks subsequent to the collision forming the basis for this suit (date of collision inclusive).

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 89:** Produce complete and clearly readable copies of any and all maintenance files and records (see Definition "10") maintained by Defendant in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions "12" and "14") on the Trailer (see Definition "7") pulled by the DEFENDANT DRIVERS inclusive of any inspections, repair or maintenance done to the Trailer. In addition, produce all driver daily vehicle condition reports submitted by any driver(s) from four weeks prior to the collision forming the basis for this suit through four weeks subsequent to the collision forming the basis for this suit (date of collision inclusive) in the possession of Defendant. This specifically includes all the driver vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that the DEFENDANT DRIVERS or MARK VII TRANSPORTATION, INC. may have borrowed, rented or leased the Tractor from, or who performed maintenance services on behalf of, or for MARK VII TRANSPORTATION, INC. or the DEFENDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** Produce a copy of any staff leasing agreement that was in effect on the date of the incident between you and any party in this case, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** Produce a copy of any vehicle agreement that was in effect on the date of the incident between you and any party in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** Produce a copy of any and all employee manual(s), handbooks, etc. regarding the use of one of your vehicles

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Produce all evidence of any convictions of any Plaintiff or any witness identified in response to Request for Disclosure, which you would attempt to discuss or introduce in front of a jury in this cause, pursuant to Rule 609(f) of the Texas Rules of Civil Procedure, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** Produce copies of all pleadings in each lawsuit filed against Defendant within the past five (5) years in which allegations were made that personal injuries resulted to any person as the result of a motor vehicle collision involving one of your vehicles.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** Produce all documents, records, reports, notations, or memoranda regarding any Plaintiff, from persons or entities that compile claim information,



True and correct copy of original

APP 036

insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, Southwest Insurance Information Exchange, and all similar persons or entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:**  Produce any documents reflecting any conviction or any Plaintiff, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:**  Produce any documents reflecting any conviction or any witness, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 98:**  Produce a true and correct copy of all documents or other instructions that are part of the accident kits, exoneration cards, or similar materials carried in your vehicles, including any in the vehicle being operated by the DEFENDANT DRIVERS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 99:**   Produce with respect to each and every item described in any of the preceding Requests for Production which is not in the physical possession or custody of the Defendant, but which is in the Defendant's control, Plaintiff's hereby requests that Defendant execute authorization(s) to allow Plaintiff's to obtain and examine such items.

**RESPONSE:**

This is a continuing request and should any documents or information be obtained by Defendant(s), which may come within the confines of these requests, the same should be delivered to the Plaintiff's attorney of record upon receipt of such information or documents.



*Exhibit "D"*

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT TO MARK VII TRANSPORTATION, INC.,

**REQUEST FOR ADMISSION NO 1:**  Admit the medical expenses incurred by Plaintiff as a result of the underlying incident are necessary.

**RESPONSE:**

**REQUEST FOR ADMISSION NO 2:**  Admit the medical expenses incurred by Plaintiff as a result of the underlying incident are reasonable.

**RESPONSE:**

**REQUEST FOR ADMISSION NO 3:**  Admit the medical services provided to Plaintiff as a result of the underlying incident are necessary.

**RESPONSE:**

**REQUEST FOR ADMISSION NO 4:**  Admit the medical services provided to Plaintiff as a result of the underlying incident are reasonable.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.5:** Admit the DEFENDANT DRIVERS were negligent in the underlying incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.6:**  Admit the DEFENDANT DRIVERS' negligence in the underlying incident was a proximate cause of Plaintiff's injuries and damages at issue in this case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.7:**  Admit that you have been sued in the proper capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**  Admit the DEFENDANT DRIVERS gave statements to your insurance carrier regarding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.9:**  Admit the DEFENDANT DRIVERS were injured as a result of the collision.



True and correct
copy of original
Filed in the Reeves
County District Clerks Office

APP 038

**RESPONSE:**

**REQUEST FOR ADMISSION NO.10:** Admit that the condition of the road surface did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.11:** Admit that the lighting conditions did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.12:** Admit that the weather conditions did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.13:** Admit that a sudden emergency did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.14:** Admit that the collision was not unavoidable.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that no defect or malfunction in the vehicle you were driving contributed to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.16:** Admit the DEFENDANT DRIVERS consumed alcohol within the 12 hours prior to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.17:** Admit the DEFENDANT DRIVERS consumed illegal drugs within the 12 hours prior to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit the DEFENDANT DRIVERS took medication within the 12 hours prior to the collision made the basis of this lawsuit.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 19:**  Admit you have been named properly in this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**  Admit you conduct an internal investigation on every vehicle incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**  Admit you conduct an internal investigation on every vehicle incident resulting in any property damage or personal injury.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**  Admit you make a determination as to whether every vehicle incident is preventable or not preventable.



True and correct
copy of original
Filed in the Reeves
County District Clerks Office

APP 040

4336

Simon Herbert & McClelland, LLP / Operating

| Invoice Date | Invoice No. | Memo | Original Amt | Payment |
|---|---|---|---|---|
| 3/24/2015 | | filing fee original petition: Mindy Keelir | $313.00 | $313.00 |

Total Amount Paid    $313.00

Check Date    3/24/2015
Check Number  4336

4336

**Simon Herbert & McClelland, LLP**
3411 Richmond Ave., Suite 400
Houston, Texas 77046
(713) 987-7100

WHITNEY BANK

35-96-1130

DATE

3/24/2015

AMOUNT

********313.00

PAY TO THE ORDER OF

Reeves County District Clerk

-- Three Hundred Thirteen and No/100 --------------------

filing fee original petition: Mindy Keeling

AUTHORIZED SIGNATURE

⑈004336⑈ ⑆113000968⑆ 750404795⑈

Simon Herbert & McClelland, LLP / Operating

4336

3/24/2015                          filing fee original petition: Mindy Keelir          $313.00          $313.00



Total Amount Paid    $313.00

Check Date    3/24/2015
Check Number  4336

PRODUCT SSLM102    USE WITH 91500 ENVELOPE    PRINTED IN U.S.A.



APP 041
95 F6356E SLXIRXT 10/24/2014 12:42

SIMON
HERBERT
& MCCLELLAND LLP
ATTORNEYS AT LAW

March 25, 2015

*Via CMRRR: 7012.1010.0000.2368.4209*

Patricia Tarin
143rd Judicial District Clerk
P. O. Box 848
Pecos, Texas 79772

To Whom It May Concern:

Enclosed please find Firm check in the amount of $313.00 for the filing of Plaintiff's Original Petition in the case of *Mindy Keeling v. Mark VII Transportation, Inc., Vu Nguyen, and Loi Nguyen.*

Please issue citations for the following Defendants at the following addresses:

MARK VII TRANSPORTATION, INC. may be served through its registered agent, Mark Le, 8847 Lawrence Avenue, Rosemead, California 91770.

LOI NGUYEN may be served with process at his place of residence: 3510 Mount Vernon Avenue, Fort Worth, Texas 76103.

VU NGUYEN may be served with process at his place of residence: 3510 Mount Vernon Avenue, Fort Worth, Texas 76103.

Once citations have been issued, please return same to our office to handle service of process. Do not hesitate to contact me should you have any questions. Thank you for your attention to this matter.

Sincerely,

Kyle Herbert

A CERTIFIED COPY
Attest: April 14 , 20 15
District Clerk
PAT TARIN
Reeves County, Texas
No: 15-03-20908-CVR
By _____ Deputy

3411 Richmond Ave., Suite 400 • Houston, TX 77046 • SHMFIRM.COM • Telephone 713.987.7100 • Fax 713.987.7120

1

PAT TARIN                                    ATTORNEY FOR PLAINTIFF
REEVES COUNTY DISTRICT CLERK                 OR PLAINTIFF:
143RD DISTRICT COURT                         KYLE C. HERBERT
PO BOX 848                                   3411 RICHMOND AVE., STE. 400
PECOS, TX 79772                              HOUSTON, TX 77046

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be taken
against you."

GREETING: Defendant          **MARK VII TRANSPORTATION, INC**
                             **REGISTERED AGENT, MARK LE**
                             **8847 LAWRENCE AVENUE**
                             **ROSEMEAD, CA. 91770**

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION
TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION, REQUESTS
FOR PRODUCTION, AND INTERROGATORIES** at or before ten o'clock a.m. of the Monday next after
the expiration of twenty days after the date of service of this citation before the Honorable District Court of
Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on MARCH 30,2015, in this
case, numbered 15-03-20968-CVR on the docket of said court, and styled:

**MINDY KEELING, INDV.,& AS REPRESENTATIVE OF THE ESTATE OF CORY KEELING & AS
NEXT FRIEND OF CORY KEELING'S MINOR CHILDREN
-VS-
MARK VII TRANSPORTATION, INC., LOI NGUYEN, & VU NGUYEN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 30th day of March, 2015.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

CITATION – REGULAR

15-03-20968-CVR
Plaintiff's ORIGINAL PETITION TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION, AND INTERROGATORIES

## SHERIFF'S RETURN

Came to hand the _____ day of _____, 2_____ at _____ o'clock _____.M., and executed in _____ County, State of _____. I do hereby CERTIFY that I delivered to the below-named Defendant (or Respondent), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

| NAME | DATE MONTH/DAY/YEAR | HOUR/MIN | PLACE |
|------|---------------------|----------|-------|
|      |                     |          |       |

Not executed for the following reason: _____ _____. Information received as to the whereabouts of the said Defendant (or Respondent) is: _____.

I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
Total fee for serving this citation . . . $_____

To certify which, Witness my hand officially.

_____
SHERIFF of _____ County
State of _____

BY: _____, DEPUTY

_____
Printed Name of Deputy

Subscribed and sworn to by _____ (the above named) before me this the _____ date of _____, 20 _____, to certify which, witness my hand and seal of office.

_____

===================================================================
TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE.
(THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE AUTHORIZE TO TAKE AFFIDAVITS.)
CERTIFICATE OF DELIVERY
I do hereby certify that I delivered to _____ _____ on the _____ day of _____, 20_____, at _____ o'clock _____. M. this copy of this instrument.

State of _____
By: _____ Deputy

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
KYLE C. HERBERT
3411 RICHMOND AVE., STE. 400
HOUSTON, TX 77046

## T H E  S T A T E  O F  T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GREETING: Defendant        **LOI NGUYEN**
**3510 MOUNT VERNON AVENUE**
**FT. WORTH, TX. 76103**

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION, AND INTERROGATORIES** at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on MARCH 30,2015, in this case, numbered 15-03-20968-CVR on the docket of said court, and styled:

## MINDY KEELING, INDV.,& AS REPRESENTATIVE OF THE ESTATE OF CORY KEELING & AS NEXT FRIEND OF CORY KEELING'S MINOR CHILDREN
### -VS-
## MARK VII TRANSPORTATION, INC., LOI NGUYEN, & VU NGUYEN

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 30th day of March, 2015.

ATTEST:  PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

CITATION – REGULAR

15-03-20968-CVR
Plaintiff's ORIGINAL PETITION TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION,
REQUESTS FOR PRODUCTION, AND INTERROGATORIES

## SHERIFF'S RETURN

Came to hand the _____ day of _____, 2_____ at _____ o'clock ____.M., and executed in
_____ County, State of _____. I do hereby CERTIFY that I delivered to the
below-named Defendant (or Respondent), in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

|  | DATE |  |  |
| --- | --- | --- | --- |
| NAME | MONTH/DAY/YEAR | HOUR/MIN | PLACE |
| _____ | _____ | _____ | _____ |

Not executed for the following reason: _____
_____. Information received
as to the whereabouts of the said Defendant (or Respondent) is:
_____.

I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
Total fee for serving this citation . . . $_____

To certify which, Witness my hand officially.

SHERIFF of _____ County
State of _____

BY: _____, DEPUTY

_____
Printed Name of Deputy

Subscribed and sworn to by _____ (the above named) before me this the
_____ date of _____, 20 ____, to certify which, witness my hand and seal of
office.

_____

=================================================================

TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE.
(THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE
AUTHORIZE TO TAKE AFFIDAVITS.)
CERTIFICATE OF DELIVERY
I do hereby certify that I delivered to _____
_____ on the _____ day of _____, 20_____, at _____ o'clock _____. M. this copy of this
instrument.

State of _____
By: _____ Deputy



PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
KYLE C. HERBERT
3411 RICHMOND AVE., STE. 400
HOUSTON, TX 77046

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GREETING: Defendant        VU_ NGUYEN
                           3510 MOUNT VERNON AVENUE
                           FT. WORTH, TX. 76103

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION, AND INTERROGATORIES** at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on MARCH 30,2015, in this case, numbered 15-03-20968-CVR on the docket of said court, and styled:

### MINDY KEELING, INDV.,& AS REPRESENTATIVE OF THE ESTATE OF CORY KEELING & AS NEXT FRIEND OF CORY KEELING'S MINOR CHILDREN
### -VS-
### MARK VII TRANSPORTATION, INC., LOI NGUYEN, & VU NGUYEN

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 30th day of March, 2015.

                              ATTEST:  PAT TARIN, DISTRICT CLERK
                                       143RD DISTRICT COURT
                                       REEVES COUNTY, TEXAS
                              BY: _____
                                       MISTY THOMAS, DEPUTY

CITATION – REGULAR

15-03-20968-CVR
Plaintiff's ORIGINAL PETITION TOGETHER WITH REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION, AND INTERROGATORIES

## SHERIFF'S RETURN

Came to hand the _____ day of _____, 2_____ at _____ o'clock _____.M., and executed in _____ County, State of _____. I do hereby CERTIFY that I delivered to the below-named Defendant (or Respondent), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

| NAME | DATE MONTH/DAY/YEAR | HOUR/MIN | PLACE |
|------|---------------------|----------|-------|
| _____ | _____ | _____ | _____ |

    Not executed for the following reason: _____
_____. Information received as to the whereabouts of the said Defendant (or Respondent) is:
_____.

    I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
    Total fee for serving this citation . . . $_____

To certify which, Witness my hand officially.

SHERIFF of _____ County
State of _____

BY: _____, DEPUTY

Printed Name of Deputy

    Subscribed and sworn to by _____ (the above named) before me this the _____ date of _____, 20 _____, to certify which, witness my hand and seal of office.

_____

========================================================================
TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE.
(THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE AUTHORIZE TO TAKE AFFIDAVITS.)
CERTIFICATE OF DELIVERY
_____ I do hereby certify that I delivered to _____ _____ on the _____ day of _____, 20_____, at _____ o'clock _____. M. this copy of this instrument.

State of _____
By: _____ Deputy

4/22/2015

09:50 AM

Misty Thomas

Pat Tarin
DistrictClerk
Reeves County, Texas

CAUSE NO. 15-03-20968-CVR

| | | |
|---|---|---|
| MINDY KEELING, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF CORY KEELING AND | § | |
| AS NEXT FRIEND OF CORY | § | |
| KEELING'S MINOR CHILDREN, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | REEVES COUNTY, TEXAS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| MARK VII TRANSPORTATION, INC. | § | |
| AND LOI NGUYEN, | § | |
| *Defendants.* | § | 143rd JUDICIAL DISTRICT |

**DEFENDANTS MARK VIII TRANSPORTATION, INC., LOI NGUYEN, AND
VU NGUYEN'S ORIGINAL ANSWER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **MARK VIII TRANSPORTATION, INC. (Incorrectly sued as MARK
VII TRANSPORTATION, INC.), LOI NGUYEN** and **VU NGUYEN** "Defendants" named in
the above entitled and numbered cause and files this their Original Answer in response to
Plaintiff's Original Petition, and in support thereof would respectfully show unto the Court and
jury as follows:

**I.**

The Defendants generally deny the material allegations contained in the Plaintiff's
Original Petition and say that, since Plaintiff has made such allegations, she should be required
to prove them by a preponderance of the evidence as required by law, if she is able to do so.

## II.
## AFFIRMATIVE DEFENSES

2.01   Defendants would allege by way of affirmative defense that Plaintiff Cory Keeling's conduct in whole or in part constitutes contributory negligence.  Specifically, Cory Keeling had a duty to exercise reasonable care while operating his vehicle and breached this duty which proximately caused the alleged incident and Plaintiff Cory Keeling, Mindy Keeling, and the minor Keeling children's alleged injuries and damages.  Plaintiff Cory Keeling failed to properly keep control of his vehicle, failed to properly maintain his speed, failed to turn the motor vehicle in an effort to avoid the collision, and failed to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances.  In addition, Cory Keeling, at the time of the alleged incident, by his own admission, was distracted with his cell phone which caused him to strike the rear of the vehicle being operated by Loi Nguyen.  Such negligence was the proximate cause of Plaintiffs Cory Keeling, Mindy Keeling, and the minor Keeling children's injuries and damages.  Defendants are therefore entitled to contribution and/or indemnity from Plaintiff Cory Keeling pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

2.02   Pleading further, Defendants would allege that Plaintiffs' recovery, if any, of past medical expenses shall be reduced to the amount paid or incurred by the Plaintiffs or on behalf of the Plaintiffs pursuant to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

2.03   Pleading further, Plaintiffs' recovery, if any, for loss of earnings and loss of earning capacity is limited to net wages as set forth in Section 18.091 of the Texas Civil Practice & Remedies Code.

2.04    Defendants affirmatively plead that, pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. §5003A *et.seq.* Further, Defendants' potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles. In the alternative, if Plaintiff has purchased a health insurance policy pursuant to the Individual Mandate, Plaintiff's future medical expenses are limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

2.05    Defendants would allege by way of affirmative defense that Plaintiffs' future medical, if any, should be limited to the amounts of premiums paid and any provable medical expenses not covered by the Affordable Care Act.

2.06    Pleading further Defendants deny that Plaintiffs are due any punitive damages. Defendants affirmatively allege and plead that Plaintiffs' exemplary damages claims are governed by Chapter 41 of the Texas Civil Practice & Remedies Code.  Defendants incorporate the definitions set forth in §41.001, as well as the provisions of §§41.002, 41.003, and 41.004. Plaintiffs' exemplary damages claims are further limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to the limitations on pre-judgment interest of §41.007, damage limitations of §41.008, and evidence and jury instructions set forth in §§41.010, 41.011, and 41.012. Defendants assert the application of all caps to exemplary damages provided in the statute and under applicable Texas Law.

WHEREFORE, PREMISES CONSIDERED, **MARK VIII TRANSPORTATION, INC. (Incorrectly sued as MARK VII TRANSPORTATION, INC.), LOI NGUYEN** and **VU NGUYEN** pray that the Plaintiffs have and recover nothing of the Defendants and that, on trial hereof, Defendants be discharged with their costs herein, and for such other and further relief, both at law and in equity, both general and special, to which they may show themselves to be justly and equitably entitled.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By:          _/s/Benjamin D. Britt_
**MARK J. DYER**
State Bar No. 06317500
dyer@mdjwlaw.com
**BENJAMIN D. BRITT**
State Bar No. 24040577
britt@mdjwlaw.com
Tollway Plaza I
16000 N. Dallas Parkway
Suite 800
Dallas, Texas 75248
214-420-5500
214-420-5501 (fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record, in compliance with Rule 21A of the Texas Rules of Civil Procedure, on this the 22nd day of April 2015.

Kyle Herbert
*Simon Herbert McClelland & Stiles, LLP*
3411 Richmond Ave., Suite 400
Houston, TX 77046

*Via Facsimile (713) 987-7120*

_____ */s/Benjamin D. Britt*_____
**BENJAMIN D. BRITT**